## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| OPTUMRX, INC. as successor by merger to Catamaran Corporation, and OPTUMRX, INC. in its own right, | Case No. |
| Petitioner, | |
| vs. | |
| HUDSON PHARMACY GROUP, INC., d/b/a Hudson Drug Shop, | |
| Respondent. | |

## PETITION

Petitioner OptumRx, Inc., in its own capacity and as the successor in interest to Catamaran Corporation (collectively, "OptumRx" or "Petitioner"), for its Petition to Compel Arbitration ("Petition"), alleges:

## NATURE OF THE ACTION

1.      This is a Petition under the Federal Arbitration Act, 9 U.S.C. § 4, and the Minnesota Arbitration Act, Minn. Stat. Ann. § 572B.01 *et seq.*, for an order directing Respondent to submit to arbitration its disputes with OptumRx regarding the amount of reimbursements for prescription drugs, in accordance with the Parties' written agreements to arbitrate.

2.      Under their agreements, the Parties not only agreed to arbitrate all disputes at issue here, but delegated to an arbitrator any questions as to the arbitrability of their disputes.  The Parties agreed to submit to binding arbitration before the American Arbitration Association.

3.      Respondent refused to abide by the Parties' arbitration agreement and asserted claims in a lawsuit in St. Clair County, Illinois.  *See Copper Bend, Pharmacy, Inc., et al. v. OptumRx, Inc.*, Case No. 20L396 (the "Illinois Action").

4.      Respondent has continued to raise disputes based on new claims for payment arising during the pendency of the Illinois Action, including claims in 2023.

5.      The Court should enforce the Parties' agreement to arbitrate and compel Respondent to arbitrate its disputes with OptumRx.

## THE PARTIES

6.      OptumRx is a pharmacy care services company (also referred to as a Pharmacy Benefits Manager or "PBM") incorporated in California.  OptumRx operates nationally to provide pharmacy-related administrative services to a variety of clients in connection with health and prescription drug plans and insurance programs.  OptumRx's principal place of business is 2300 Main St, Irvine, California 92614.[1]

7.      In July 2015, OptumRx acquired Catamaran, also a PBM, and, as a consequence, succeeded to Catamaran's interests, including its agreements. Catamaran was formerly known as SXC Health Solutions and InformedRx.  In 2012, SXC Health Solutions acquired Catalyst Health Solutions, Inc. and changed its name to Catamaran.

8.      Respondent Hudson Pharmacy Group, Inc., d/b/a Hudson Drug Shop, is an Illinois corporation with its principal place of business located at 108 N. Market Street, Paxton, IL 60957.

---

[1]   On October 1, 2011, OptumRx changed its name from RxSolutions, Inc., d/b/a Prescription Solutions, to OptumRx, Inc.

## JURISDICTION AND VENUE

9.     This action arises under the Federal Arbitration Act, U.S.C. § 1, *et seq.*, and the Minnesota Arbitration Act, Minn. Stat. Ann. § 572B.01 *et seq.*

10.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In the case Respondent brought in St. Clair County, Illinois, Respondent seeks compensatory damages and injunctive relief.  Given these allegations, the amount in controversy exceeds $75,000.  *See Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) (A "federal court should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy.").

11.     Venue is proper under 9 U.S.C. § 4 because this Court is the United States District Court with jurisdiction over the site of arbitration agreed to by the Parties (Hennepin County, Minnesota).

## BACKGROUND

**A.     The Parties' Relationships.**

12.     Respondent does business with OptumRx as a participating pharmacy in OptumRx's pharmacy provider network.  Respondent dispenses prescription drugs to members of health benefit plans for which OptumRx administers pharmacy benefit services.

13.     By participating in OptumRx's pharmacy provider network, Respondent gains the business advantage and opportunity to both serve members of the plans for which OptumRx provides administrative services and obtain reimbursement by OptumRx for the prescription drugs Respondent dispenses to OptumRx's members.

14.     Pharmacies may contract directly with OptumRx or via pharmacy services administration organizations ("PSAOs"), which function as agents of their

member pharmacies and use significant bargaining power to, among other things, negotiate contracts with OptumRx on behalf on their member pharmacies.

15.     Some PSAOs are owned by large wholesalers, such as McKesson Corporation, AmerisourceBergen, and Cardinal Health.

16.     Respondent became a participating provider in OptumRx's network by contracting with OptumRx and/or its predecessor Catamaran, either directly or through a PSAO.

17.     Whether Respondent contracted directly or via a PSAO, the relationship between OptumRx and Respondent is governed by agreements that include a Provider Manual.

18.     The OptumRx Provider Manual sets forth the terms of pharmacies' relationships with OptumRx.

19.     In addition to explaining logistical processes and requirements—for example, how pharmacies submit claims to OptumRx for reimbursement—the Provider Manual sets forth rights and obligations of both Parties, including an arbitration agreement.

**B.    The Arbitration Provision in the Provider Manual.**

20.     The Provider Manual, which is regularly updated, is made available to all participating pharmacies like Respondent, and is readily accessible online. *See* Ex. A (2023 Provider Manual).

21.     OptumRx also sends notifications of updates to the Provider Manual to pharmacies like Respondent.

22.     Following OptumRx's acquisition of Catamaran in 2015, the OptumRx Provider Manual became the operative Provider Manual.

23.     The Provider Manual is incorporated into the pharmacies' agreements with OptumRx and Catamaran and each pharmacy is responsible for understanding and complying with the Provider Manual's terms and conditions.

24.     The most recent or current version of the OptumRx Provider Manual supersedes all previous versions.

25.     The Provider Manuals, and the arbitration clauses, are valid and enforceable contracts.

26.     In fact, in the Illinois Action, Respondent specifically alleges and admits that the Provider Manual "sets forth in writing the terms of the business relationship between [Respondent] and [OptumRx] and function as the [C]ontracts."  Ex. B ¶ 58.

27.     The OptumRx Provider Manual contains a clear and unequivocal arbitration clause.

28.     The arbitration clause requires all disputes including, but not limited to, all disputes relating in any way to the Parties' relationship or the Provider Manual to be resolved exclusively by binding arbitration administered by the American Arbitration Association ("AAA") in Hennepin County, Minnesota, in accordance with AAA rules and procedures.  It also expressly prohibits any joint or consolidated action to resolve disputes between the Parties.

29.     Moreover, the arbitration clause delegates any issues of arbitrability, including the validity of the arbitration agreement, to the arbitrator.  The Provider Manual states: "For avoidance of doubt, the arbitrator(s) shall decide any and all questions regarding arbitrability or the formation, scope, validity, and/or interpretation of the parties' agreement to arbitrate."

30.     In addition, the arbitration clause incorporates the AAA Rules, which explicitly state that the arbitrator retains jurisdiction to decide issues of arbitrability, including the existence, scope, or validity of the arbitration agreement.  *See* AAA Commercial Arbitration Rules 2, 7.

**C.     Respondent's Refusal to Arbitrate its Disputes.**

31.     Notwithstanding Respondent's clear obligation to arbitrate any dispute arising under the Provider Manuals, Respondent has asserted claims in the Illinois Action, seeking to hold OptumRx liable under the terms of the Provider Manuals for purported breaches of the Provider Manual based on alleged underpayment of Respondent's claims for reimbursement and denials of Respondent's appeals of those payments, including claims based on payments that Respondent received in 2023.  *See* Ex. B ¶¶ 49, 140 (asserting claims continuing "through the present").[2]

32.     Respondent has continued to submit claims for reimbursement and appeals of those payments through the present date and has continued to assert alleged underpayments based on them.

33.     Respondent has refused to submit its disputes to arbitration in accordance with the terms of the parties' binding arbitration Agreements.

**D.     Specific Relief to Compel Arbitration.**

34.     Respondent's refusal to abide by the arbitration agreement contained in the Provider Manual constitutes failure, neglect, and/or refusal on its part to arbitrate in breach of the Parties' binding arbitration agreement.  Unless compelled to arbitrate, Respondent will remain in violation of its contractual obligation to arbitrate its disputes with OptumRx.


**PRAYER FOR RELIEF**

WHEREFORE, OptumRx respectfully requests that the Court enter an Order:

---

[2] Separately, OptumRx filed and then voluntarily dismissed without prejudice a petition to compel arbitration by an overlapping group of pharmacies.  *See OptumRx v. Copper Bend Pharmacy, Inc., et al.*, No. 8:20-cv-2145 (C.D. Cal.).

1.      Compelling Respondent to arbitrate the Parties' disputes related to OptumRx's reimbursements for prescription drugs under the arbitration agreement in the Provider Manual, including disputes about the arbitrability of Respondent's disputes; and

2.      Granting any other relief this Court deems just and proper.

Dated:  March 31, 2023                    DORSEY & WHITNEY LLP

By     /s/ Michelle S. Grant    
    Michelle S. Grant (#311170)
    grant.michelle@dorsey.com
    Caitlin Hull (#398394)
    hull.caitlin@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

GIBSON, DUNN & CRUTCHER LLP
    Geoffrey M. Sigler*
    gsigler@gibsondunn.com
    Katherine Maddox Davis*
    kdavis@gibsondunn.com
1050 Connecticut Avenue N.W.
Washington, DC 20036-5306
Telephone:  (202) 887-3776
Facsimile:  (202) 530-9635

*Pro Hac Vice Applications Forthcoming

Attorneys for Petitioner OptumRx, Inc.